[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT AS TOLIABILITY (NO. 110)
This is an underinsured motor vehicle case. The plaintiffs seek summary judgment as to liability. According to the plaintiffs' affidavit, they were injured by a motor vehicle driven by one Cheryl Vitelli. Vitelli was insured by the American Home Assurance Company. The plaintiffs further state that, "The CT Page 5578-OOO policy limits of the Vitelli policy were paid out to the passengers in the Moore vehicle." They allege that the proceeds paid to them by Vitelli's insurance company are inadequate to fully compensate them for their injuries. They now seek underinsured motor vehicle damages from their own insurance company, the Travelers.
The Travelers does not dispute Vitelli's negligence or claim any negligence on the part of the plaintiffs (who were passengers). Nevertheless, summary judgment cannot be granted on this state of the record.
Our Supreme Court has explained that, "The application of [Conn. Gen. Stat.] § 38a-336 requires two distinct steps: (1) determining whether a vehicle is in fact underinsured, so that coverage is available; and (2) calculating the amount of the actual award due to the victim." Covenant Insurance Co. v. Coon,220 Conn. 30, 36, 594 A.2d 977 (1991). The plaintiffs' affidavit fails to establish the elements of the first step.
An "underinsured motor vehicle" is statutorily defined as "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made." Conn. Gen. Stat. § 38a-336 (e). Coon establishes that, "[T]he analysis directed by § 38a-336 requires a comparison between theaggregate of liability limits available to the victim against the underinsured motorist limits in each single policy against which the victim has a claim." 220 Conn. at 36. (Emphasis in the original.)
As the defendant correctly points out, the plaintiffs' affidavit fails to describe the liability limits of any of the relevant policies. The affidavit is silent both as to Vitelli's policy limits and as to the plaintiffs' policy limits. The "first step" analysis required by Coon consequently cannot be made.
The motion for summary judgment must therefore be denied.
Jon C. Blue Judge of the Superior Court CT Page 5578-PPP